The Court,

Wootten, J.,

charged the jury: That it was incumbent upon the plaintiff to establish a good and legal title to the premises in controversy in himself, and that he could not recover on any defect or deficiency which might appear in the claim or title of the defendant; but it was *34 not necessary for the plaintiff to prove, according to the "principle of law as long recognized and established in this State on the subject, that the parties under whom he claims were in actual possession of the lot, or any portion of it, at the time when they sold and conveyed their interest to him, provided the jury were satisfied, from the evidence before them, that such parties had a good title to the premises at the time of their sale and conveyance to him; for the principle of the action, as recognized here, does not require possession of the premises by the grantor in order to convey a legal title to land in this State. If it appeared that Isaac H. Jones and wife had conveyed by deed his interest in the lot to Wyant & Moore, his former trustees, and no deed had been shown from them to Bright, the plaintiff and the present trustee, for that share of the lot,, he would not he entitled to recover Isaac H. Jones’s undivided third part of it, notwithstanding the removal' of Wyant & Moore, and his own appointment as trustee by the Court of Chancery, for the legal title to that part of it would be still outstanding in the former' trustees, and would not be in the plaintiff.
But the defendant relies on a continuous adverse possession of the whole lot for more than twenty years. If that had been shown it would entitle the defendant to a verdict without proof of an actual and substantial inclosure of the premises; hut it must appear to have been an actual and uninterrupted possession for twenty years at least, inconsistent with and adverse in its character to the claim and title of the plaintiff. If the jury were satisfied, from the . evidence, that after the recovery of judgment by default in the action of ejectment, in 1849, by the plaintiff against her, the defendant had relinquished or abandoned the possession, although the plaintiff had not entered into it, she had not shown such a continuous adverse possession, preceding the commencement of the present action, as the law required, and the plaintiff would be entitled to recover.
The jury could not agree, and, after being out a long time, were discharged.